UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AKANIYENE WILLIAM ETUK,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES (DHS); BRONXWORKS; A AND H SECURITY; DHS OFFICER ALBERT GARCIA (SHIELD # 1198); DHS OFFICER SPYRIDON (SHIELD # 955); DHS OFFICER AUTUMN BURGESS (SHIELD # 915), DHS EMRAH OFFICER BEKTESEVIC (SHIELD # 982), and DHS OFFICER MALCOLM WISE (SHIELD # 1340),

                Defendants.

1:24-CV-4967 (RA)

ORDER OF SERVICE

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Akaniyene William Etuk, of Brooklyn, New York, who is appearing *pro se*, brings this action under the court's federal-question jurisdiction, seeking damages, injunctive relief, and declaratory relief. He sues: (1) the New York City Department of Homeless Services ("DHS"); (2) Bronxworks, a private social-services organization; (3) A&H Security Services ("A&H"), a private security firm hired by Bronxworks to provide security at Bronxworks's homeless shelter; (4) DHS Officer Albert Garcia; (5) DHS Officer Spyridon; (6) DHS Officer Autumn Burgess; (6) DHS Officer Emrah Bektesevic; and (7) DHS Officer Malcolm Wise. The Court construes Plaintiff's second amended complaint, which is the operative pleading for this action (ECF 24), as asserting claims under 42 U.S.C. § 1983 and under state law.

      By order dated July 2, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff amended his complaint on August 16, 2024, and named the City of New York, DHS, Bronxworks, A&H, DHS Officers Garcia and

Spyridon, and ten John Doe Officers as defendants. ECF No. 7. On August 23, 2024, the Court issued an Order of Service and Valentin Order (1) dismissing Plaintiff's claims against DHS; (2) directing service on the named defendants; and (3) directing the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities, shield numbers, and services addresses of any additional DHS officers, other than Garcia and Spyridon, involved with events alleged in Plaintiff's amended complaint. ECF No. 9. By letters dated October 22, 2024 and November 6, 2024, Corporation Counsel confirmed that only three "John Doe" DHS officers were involved in the events alleged in the first amended complaint, and provided the identities, shield numbers, and service addresses of those officers. ECF Nos. 13, 16. On November 7, 2024, the Court directed Plaintiff to file a second amended complaint naming the newly identified individuals as defendants and providing their service addresses. ECF No. 24. In that Order, the Court explained to Plaintiff that the second amended complaint "will replace, not supplement, the original complaint and the amended complaint," and that the Court would screen the complaint and "if appropriate, issue an order directing service on the newly identified defendants." ECF No. 17. Plaintiff filed a second amended complaint on December 17, 2024. ECF No. 24. The second amended complaint names Officers Burgess, Bektesevic, and Wise as additional defendants, but no longer names the City of New York as a defendant. *Id.*

For the reasons set forth in its On August 23, 2024 Order, the Court again dismisses Plaintiff's claims against the DHS. *See* ECF No. 9. Additionally, for the reasons set forth below, the Court directs service on Defendants Burgess, Bektesevic, and Wise.

2

**DISCUSSION**

A.    **Service on the newly identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the second amended complaint (ECF No. 24) on Defendants Burgess, Bektesevic, and Wise, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the amended complaint upon those defendants.

If summonses and the second amended complaint are not served on those defendants within 90 days after the date that the summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the second amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

For the reasons discussed above and in the Court's August 23, 2024 Order, *see* ECF No. 9, the Court: (1) dismisses Plaintiff's claims against the DHS; and (2) directs service on Defendants Burgess, Bektesevic, and Wise.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants DHS Officer Burgess (Shield No. 915), DHS Officer Bektesevic (Shield No. 982), and DHS Officer Wise (Shield No. 1340); (2) complete USM-285 forms with the service addresses for those defendants, and; (3) deliver all documents necessary to effect service of summonses and the second amended complaint (ECF No. 24) on those defendants to the USMS.

The Court further directs the Clerk of Court to mail a copy of this order and a copy of the second amended complaint (ECF No. 24) to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 23, 2024
         New York, New York

_____
RONNIE ABRAMS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Autumn Burgess (Shield # 915)
New York City Law Department
100 Church Street
New York, NY 10007

2. Emrah Bektesevic (Shield # 982)
New York City Law Department
100 Church Street
New York, NY 10007

3. Malcolm Wise (Shield #1340)
Department of Social Services,150 Greenwich Street
38th Fl., Subpoena Unit
New York, NY 1000