UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKANIYENE WILLIAM ETUK,

                          Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF THE HOMELESS, et al.,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/12/2025

**24-CV-4967 (RA) (KHP)**

**ORDER GRANTING
PRO BONO COUNSEL**

**Katharine H. Parker, United States Magistrate Judge:**

      The Court directs that the Clerk of Court seek pro bono counsel for Plaintiff to enter a limited appearance for the purpose of representing Plaintiff in mediation in the above-captioned action. Counsel shall file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

      The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public

benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

On July 2, 2024, the Court issued an order granting Plaintiff IFP status. (ECF No. 5) The Court considers this to be evidence of Plaintiff's indigent status.

In the complaint, Plaintiff asserts claims of excessive force, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, due process violations, violation of the right to be free from harassment, and violation of the right to privacy, stemming from an alleged assault occurring on March 30, 2023.  The Court finds that these claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.  The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application.  Plaintiff will need counsel to thoroughly and adequately advocate for him in this matter at the mediation regarding the serious allegations in this case.  In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination."  *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, the Court requests that pro bono counsel for Plaintiff appear for the limited purpose of representing Plaintiff at the mediation that is to take place by May 31, 2025.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matter described in this order.  In particular, pro bono counsel will not be required to respond to a dispositive motion.  In the event that Defendant files a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond,

or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of his representation of Plaintiff at the mediation.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Court grants the appointment of pro bono counsel for Plaintiff to enter a limited appearance for the purpose of representing Plaintiff in the mediation that is to take place by May 31, 2025. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney; the process can be aided by Plaintiff's prompt response to any outreach. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Plaintiff should be prepared to proceed with the case *pro se*. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**The Clerk of Court is respectfully directed to seek pro bono counsel for Plaintiff to enter a limited appearance for the purpose of representing Plaintiff in mediation**.

**SO ORDERED.**

Dated:   March 12, 2025
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge