UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKANIYENE WILLIAM ETUK,

                  Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF THE HOMELESS, et al.,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2025

24-CV-4967 (RA) (KHP)

**OPINION & ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On November 20, 2025, Defendants filed a Letter requesting a sixty-day extension of the discovery deadline to attempt to identify mental health providers Plaintiff may have received treatment from. (ECF No. 108) On November 24, 2025, Plaintiff filed an Opposition to Defendants' Letter stating, in sum and substance, that the extension and discovery sought by Defendants is overly intrusive and not relevant. (ECF No. 109) Having duly considered the relevance and proportionality of the information sought Defendants' request for an extension is GRANTED, however this will be the final extension to discovery.

BACKGROUND

      This case concerns Plaintiff's claims of false arrest and excessive force arising from his March 30, 2023 arrest. The parties have completed most fact discovery, including multiple depositions, during which Plaintiff testified that he received mental-health treatment in California after his 2015 incarceration. (ECF No. 78.) Based on that testimony, Defendants sought records of any such treatment and provided Plaintiff with HIPAA releases. The Court later ordered Plaintiff to produce executed releases by September 19, 2025, and he complied. (ECF No. 93.)

Defendants forwarded the releases to the provider named by Plaintiff, but the provider reported no record of treating him.  When asked, Plaintiff identified no alternative providers.  Defense counsel then prepared authorizations for Plaintiff's insurance records to determine the source of the treatment referenced in his deposition. Plaintiff executed those authorizations on November 10, 2025, and Defendants are currently awaiting the insurance records.

**LEGAL STANDARD**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Federal Rule of Civil Procedure 16 does not set forth a definition of "good cause." However, any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action" and Rule 26's mandate to limit the extent of discovery when "the party seeking discovery has had ample opportunity to obtain the information" within the schedule set by the court.  Fed. R. Civ. P. 1, 26(b)(2)(C).  In determining whether a party has established good cause sufficient to justify modification of a Rule 16(b) scheduling order, courts have considered varying factors.  Such factors differ based upon the posture of the case and the particular type of relief sought – for example, an extension of the discovery schedule, leave to file an untimely amended pleading, or a "reopening" of discovery.  *Rubik's Brand Ltd. v. Flambeau, Inc*., 329 F.R.D. 55, 58 (S.D.N.Y. 2019).  "At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Pyke v. Cuomo,* No. 92 Civ. 554, 2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004) (citation omitted).  Diligence "is not, however, the only consideration," and courts may consider other relevant factors, including any prejudice.

*Kassner v. 2nd Avenue Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007). Finally, it is well established that trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case. *Williams v. Rosenblatt Sec., Inc.*, 236 F.Supp.3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges in resolving discovery disputes).

**DISCUSSION**

I am satisfied that good cause exists to extend discovery here. Defendants have acted diligently in pursuing the mental-health records Plaintiff testified about during his deposition, yet were unable to obtain the information within the existing schedule through no lack of effort on their part.

Despite that diligence, Defendants encountered obstacles outside their control. The provider identified by Plaintiff reported no record of treating him, leaving Defendants without the information Plaintiff's own testimony put at issue and the Court allowed Defendants to pursue. Defendants immediately sought clarification from Plaintiff regarding any alternate providers, but Plaintiff identified none. With no direct path to the treatment provider, Defendants turned to Plaintiff's insurance records as the only remaining means to identify the source of the treatment described in his deposition. Plaintiff executed those authorizations on November 10, 2025, and Defendants processed them without delay. The requested insurance records, however, have not yet been produced and the extension is merely to allow the third-party sufficient time to respond.

These circumstances demonstrate that the existing discovery deadlines could not reasonably be met despite Defendants' diligence, satisfying the core requirement for good cause under Rule 16(b)(4). *See Pyke*, 2004 WL 1083244, at *2. Defendants' inability to

complete discovery stems from delays inherent in third-party record collection—not from any lack of effort or inattentiveness.

Moreover, Plaintiff will not be prejudiced by a limited extension. Discovery is already well advanced, and the extension sought is narrowly tailored to the outstanding insurance-records request. Allowing a short extension will not disrupt other deadlines or unduly prolong the litigation, but denying it would risk adjudicating key issues without records Plaintiff himself placed at issue. Courts may consider prejudice as part of the good-cause analysis, and here that factor weighs strongly in favor of modification. *See Kassner*, 496 F.3d at 244. Given Defendants' diligence, the unavoidable delays in third-party production, and the importance of the requested records to a fair resolution, a brief extension of discovery is both warranted and consistent with the Court's authority under Rule 16.

To clarify, however, fact discovery will only be extended for the purposes of Defendants identifying health care providers and securing medical releases from them should Defendants discover a provider who treated Plaintiff. All other fact discovery should be complete by now.

## CONCLUSION

The deadline to complete the limited discovery identified above is hereby extended to **January 23, 2026**. The parties are further directed to provide a court with a status update by no later than **January 9, 2026**.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 108 and to mail a copy of this order to Plaintiff.**

**SO ORDERED.**

Dated:   November 25, 2025
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge